## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **VALENTIN HERNANDEZ,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** _____ |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA and TIMOTHY** | § | |
| **DOW CRAWFORD,** | § | |
| **Defendants** | § | |

## NOTICE OF REMOVAL OF ACTION
## <u>UNDER 28 U.S.C. §§ 1332 and 1441(a) (DIVERSITY)</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Safeco Insurance Company of Indiana ("Safeco") hereby petitions this Court pursuant to 28 U.S.C. §§ 1332 and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Northern District of Texas, Dallas Division, of the action styled *Valentin Hernandez v. Safeco Insurance Company of Indiana and Timothy Dow Crawford*; Cause No. 94138-CC2; currently pending in the County Court at Law No. 2 of Kaufman County, Texas (the "State Court case") and in support thereof would respectfully show this Court as follows:

## I.
## FACTS

1.      Plaintiff filed suit in the State Court Case on November 12, 2015, as the result of disputes regarding a claim made under his homeowners' insurance policy. Plaintiff alleges that Safeco breached the contract of insurance with Plaintiff by failing and refusing to "pay Plaintiff in accordance with its contractual obligations." Plaintiff's Original Petition (the "Petition") at ¶ 16. Plaintiff alleges that Safeco violated the Texas Deceptive Trade Practices Act, engaged in

unfair settlement practices, violated the prompt payment provisions of the Texas Insurance Code, and breached the duty of good faith and fair dealing. Petition at ¶¶ 17-35 and ¶¶ 44-48. Plaintiff seeks economic damages, including but not limited to, the cost to repair his home, actual damages, 18% per annum penalty, treble damages, exemplary damages, attorney's fees, costs of court, prejudgment interest and post-judgment interest. Safeco denies Plaintiff's claims and denies that Plaintiff is entitled to these benefits or damages.

2.      Safeco was served with Plaintiff's Original Petition and citation on November 20, 2015. On December 11, 2015, Safeco filed an Original Answer. True and correct copies of all pleadings, process, orders, and correspondence served in this action are attached hereto as Exhibit "A" and incorporated herein by reference.

3.      Pursuant to Tex. R. Civ. P. 47, Plaintiff pled in his Original Petition that he is seeking damages between $100,000.00 and $500,000.00. Petition at ¶ 7.

4.      Complete diversity exists between the Plaintiff and Safeco now and so existed on the date of filing of the State Court case. Plaintiff is a citizen and resident of the State of Texas. Safeco is an insurance company incorporated in the State of Indiana. Safeco's principal place of business is Boston, Massachusetts. Therefore, Safeco is a citizen of the Commonwealth of Massachusetts and not the State of Texas.

5.      Defendant Timothy Dow Crawford is a Texas resident and was improperly joined to defeat diversity of citizenship jurisdiction. Defendant Timothy Dow Crawford has not been served with Plaintiff's Original Petition and citation.

6.      Plaintiff made a jury demand in the State Court case.

7.      This action is a civil action which may be removed to this Court by Safeco pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of

different states and wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

## II.
### DEFENDANT TIMOTHY DOW CRAWFORD IS IMPROPERLY JOINED TO DEFEAT DIVERSITY JURISDICTION

8.      The test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant and there is no reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004).  A reasonable basis means more than a mere hypothetical basis. *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).  If there is no reasonable basis for recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was improper. *McDonal v. Abbot Labs,* 408 F.3d 177, 183 (5th Cir. 2005).

9.      Whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).  The *Griggs* court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id.* (emphasis added). "General, undocumented and non-specific statements" in the plaintiff's petition are insufficient to state claims for violations of the Insurance Code, the DTPA, common law fraud, and misrepresentation under Texas law. *Id* at 702.  "The Fifth Circuit has bluntly rejected the contention that a merely theoretical possibility of recovery will suffice to preclude removal. . . . [I]t has held that, when plaintiffs make general allegations and fail to support them with specific, underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted." *Staples v. Merck & Co., Inc.*, 270 F. Supp. 2d 833, 837 (N.D. Tex. 2003)

(citing *Great Plains*, 313 F.3d at 329; *Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 391-92 (5th Cir. 2000)).

10.     In this case, Plaintiff has not pled any factual allegations regarding Defendant Crawford that could form the basis of an independent cause of action against him as opposed to the carrier. Plaintiff has alleged only that the claim was assigned to Crawford for an inspection and that Crawford prepared a report which underscoped the damage and resulted in the underpayment of the claim. *See* Petition at ¶ 14. Plaintiff does not identify any actual false, misleading or deceptive acts by Crawford. Simply put, Plaintiff has filed suit against Crawford for the same reason that Plaintiff filed suit against Safeco: he is unhappy with the amount Safeco paid to settle his claim. This is not sufficient to establish a reasonable probability of recovery against Crawford. *One Way Investments, Inc. v. Century Surety Co.,* No. 3:14-CV-2839-D, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (holding that representations that wind and hail damage was far less extensive than it actually was and that damage was caused by factors that did not trigger coverage under the policy were not statements that are within the scope of §541.060 because they do not relate to the "coverage at issue."); *Green v. Nationwide Mut. Ins. Co.,* 2014 WL 6991277 at *5 (W.D. Tex. Dec. 11, 2014) (finding improper joinder of adjuster defendant based on allegation that adjuster "failed and refused . . . to pay underinsured motorist benefits under the applicable policy" and that adjuster "wholly failed to make a reasonable and fair offer on [the insured's] claim."). Texas law does not contemplate that adjusters like Crawford will be held individually liable for the insurance carrier's decision on a claim. *See Aguilar v. State Farm Lloyds*, 2015 WL 5714654 at *3 (N.D. Tex. Sept. 28, 2015) (holding that "the adjuster must have committed some act prohibited by the [Insurance Code], not just be connected to an insurance company's denial of coverage…[a]nd, post loss statements regarding

coverage are not misrepresentations under the Insurance Code."); *Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Services, Inc.*, 908 S.W.2d 516 (Tex. App.–Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims). Defendant Timothy Dow Crawford has been improperly joined for the sole purpose of defeating diversity jurisdiction in this Court.

### III.
### PROCEDURAL REQUIREMENTS

10. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

11. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of County Court at Law No. 2 of Kaufman County, Texas promptly after the filing of this Notice.

12. Attached hereto and incorporated herein, are the following items:

Exhibit A:  A true and correct copy of all pleadings, process, and orders served in this action.

Exhibit B:  State Court docket sheet.

Exhibit C:  List of all counsel of record.

Exhibit D:  Index of all documents filed with the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana requests that this action be removed from the County Court at Law No. 2 of Kaufman County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205


By: */s/ Catherine L. Hanna*
        Catherine L. Hanna
        State Bar No. 08918280
        Email:  channa@hannaplaut.com
        Sheila S. Tan
        State Bar No. 24078047
        Email:  stan@hannaplaut.com

**ATTORNEYS FOR DEFENDANT SAFECO
INSURANCE COMPANY OF INDIANA**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2015, a true and correct copy of this document was filed via the Court's ECF system pursuant to LR5.1. The notice of electronic filing generated by the ECT system constitutes service of the document on counsel who are registered users of the system. Any other counsel of record will be served pursuant to FRCP 5(b) on this same date.

Bryant Fitts
Carla Delpit
Fitts Law Firm, PLLC
2700 Post Oak Boulevard, Suite 1120
Houston, Texas  77056
*Attorneys for Plaintiff*

                                      */s/ Catherine L. Hanna*
                                      Catherine L. Hanna

# EXHIBIT "A"

94138-CC2

| CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ | COURT *(FOR CLERK USE ONLY):* | Kaufman County - County Court at Law |
|---|---|---|

### VALENTIN HERNANDEZ VS. SAFECO INSURANCE COMPANY OF INDIANA ET AL

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information sheet must be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Bryant A. Fitts<br>Carla R. Delpit | Email:<br><br>bfitts@fittslawfirm.com<br>cdelpit@fittslawfirm.com | Plaintiff(s)/Petitioner(s):<br><br>Valentin Hernandez | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address:<br><br>2700 Post Oak Blvd., Suite 1120 | Telephone:<br><br>713-871-1670 | Defendant(s)/Respondent(s):<br><br>Safeco Insurance Company of Indiana<br>and Timothy Dow Crawford | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| City/State/Zip:<br><br>Houston, TX 77056 | Fax:<br><br>713-583-1492 | _____ | Non-Custodial Parent: |
| Signature:<br><br>/s/ Bryant A. Fitts<br>/s/ Carla R. Delpit | State Bar No:<br><br>24040904<br>24082183 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☒Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>　☐Accounting<br>　☐Legal<br>　☐Medical<br>　☐Other Professional<br>　　Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>　☐Asbestos/Silica<br>　☐Other Product Liability<br>　List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>　Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>　Pre-indictment<br>☐Other: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>　☐With Children<br>　☐No Children<br><br>**Other Family Law**<br>☐Enforce Foreign<br>　Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>　of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>　Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>　Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>　Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>　☐Dependent Administration<br>　☐Independent Administration<br>　☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

# Instructions for Completing the Texas Civil Case Information Sheet

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. If the original petition, application or post-judgment petition or motion is e-filed, the case information sheet must not be the lead document.

This sheet, required by Rule 78a of the Texas Rules of Civil Procedure, is intended to collect information that will be used for statistical and administrative purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

The attorney or self-represented (*pro se*) plaintiff/petitioner filing the case or post-judgment petition or motion should complete the sheet as follows:

## 1. Contact information

   **a) Contact information for person completing case information sheet.** Enter the following information:
   - name;
   - address;
   - city, state, and zip code;
   - email address;
   - telephone number;
   - fax number, if available;
   - State Bar number, if the person is an attorney; and
   - signature. (*NOTE: When a case information sheet is submitted electronically, the signature may be a scanned image or "/s/" and the name of the person completing the case information sheet typed in the space where the signature would otherwise appear.*)

   **b) Names of parties in the case.** Enter the name(s) of the:
   (*NOTE: If the name of a party to a case is confidential, enter the party's initials rather than the party's name.*)
   - plaintiff(s) or petitioner(s);
   - defendant(s) or respondent(s); and
   - in child support cases, additional parties in the case, including the:
     - o custodial parent;
     - o non-custodial parent; and
     - o presumed father.

   Attach an additional page as necessary to list all parties.

   **c) Person or entity completing sheet is.** Indicate whether the person completing the sheet, or the entity for which the sheet is being completed, is:
   - an attorney for the plaintiff or petitioner;
   - a *pro se* (self-represented) plaintiff or petitioner;
   - the Title IV-D agency; or
   - other (provide name of person or entity).

## 2. Case type.
   Select the case category that best reflects the most important issue in the case. *You must select only one.*

## 3. Procedure or remedy.
   If applicable, select any of the available procedures or remedies being sought in the case. You may select more than one.

## 4. Damages sought.
   Select the damages being sought in the case:
   (*NOTE: If the claim is governed by the Family Code, do **not** indicate the damages sought.*)
   - only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees;
   - monetary relief over $100,000 or less and non-monetary relief;
   - monetary relief over $100,000 but nor more than $200,000;
   - monetary relief over $200,000 but less than $1,000,000; or
   - monetary relief over $1,000,000.

Filed: 11/19/2015 12:29:55 PM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Michelle Lopez

94138-CC2

NO. _____

| | | |
|---|---|---|
| VALENTIN HERNANDEZ | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | Kaufman County - County Court at Law 2 |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA and | § | |
| TIMOTHY DOW CRAWFORD | § | |
| Defendants. | § | KAUFMAN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND
## INITIAL WRITTEN DISCOVERY REQUESTS

Pursuant to the Texas Rules of Civil Procedure, Plaintiff, Valentin Hernandez, files this Original Petition and Initial Written Discovery Requests, complaining of the acts and omissions of Defendants, Safeco Insurance Company of Indiana, and Timothy Dow Crawford and, in support, respectfully shows the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.     This case is intended to be governed by Discovery Level 2.

## II.
## PARTIES & SERVICE

2.     Valentin Hernandez ("Plaintiff") resides in Kaufman County, Texas.

3.     Defendant Safeco Insurance Company of Indiana ("Safeco") is, according to the Texas Department of Insurance, a domestic insurance company that may be served with process through its Registered Agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701-3218.

4.      Defendant, Timothy Dow Crawford ("Crawford"), is an individual who assisted with adjusting the claim at issue and is a resident of the State of Texas. This Defendant may be served with process at 1138 Maynard Place, Houston, TX 77064 or wherever he may be found.

## III.
## JURISDICTION & VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought.   Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief between $100,000.00 and $500,000.00.

7.      Venue is proper in Kaufman County, Texas because the insured property is situated in Kaufman County, Texas and/or the contract was signed in Kaufman County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002.

## IV.
## FACTS

8.      Plaintiff is a named insured under a property insurance policy (the "Policy") issued by Safeco.  The Policy insures, among other things, against losses from wind and hail damage to Plaintiff's property, namely, the real property and improvements located at 6540 Co Road 4097, Kaufman, TX 75142 (the "Property").

9.     On or about May 8, 2014 during the policy period, a storm caused covered damage to the Subject Property.

10.     Shortly after the storm, plaintiff noticed damage to her home. He contacted Safeco by telephone to notify Safeco of the damage.

11.     Plaintiff submitted a claim to Safeco against the Policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm.

12.     Plaintiff asked Safeco to honor its contractual obligations and cover the cost of repairs to Plaintiff's home.

13.     Safeco assigned Defendant Crawford to adjust the Claim. Defendants Safeco and Crawford conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and Crawford spent an inadequate amount of time on the investigation.

14.     Despite obvious visible wind damage and multiple indentations in the roof caused by hail, Crawford, on his own behalf and on behalf of Safeco, verbally misrepresented to the Plaintiff at the time of the inspection that the damage to his property was minor. Crawford then misrepresented, again on his own behalf and on behalf of Safeco in a letter to Plaintiff dated May 13, 2014 that Plaintiff's home had sustained minimal damage.

15.     Together, Defendants Safeco and Crawford set out to deny properly covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.

16.     Defendant Safeco failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery upon the

Policy have been performed by Plaintiff.  Safeco' conduct constitutes a breach of the insurance contract between Safeco and Plaintiff.

17.     Even though Plaintiff's home sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy did not provide coverage for the damage, falsely claiming Plaintiff's home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.     Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

20.     Defendants failed to provide Plaintiff with a reasonable explanation for the denial of her claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21.     Defendant Safeco failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

22.     Defendant Safeco failed to accept Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information.  This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23.     Defendant Safeco has delayed payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received any payment for her claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

24.     Since the time Plaintiff's claim was presented to Defendant Safeco, the liability of Safeco to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Safeco has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim.  This conduct is a violation of Safeco' duty of good faith and fair dealing.

25.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts.  Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiff.

26.     To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy.  Plaintiff has suffered damages as a result of the Defendants' actions described above.  The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## V.
## CAUSES OF ACTION

### A.     Breach of Contract (Against Safeco)

27.     Defendant Safeco had a contract of insurance with Plaintiff.  Plaintiff met or performed all conditions precedent under the contract.  Safeco breached the terms of that contract by wrongfully denying the claim and Plaintiff was damaged thereby.

28.     Defendant Safeco is therefore liable to Plaintiff for breach of contract.

**B.     Prompt Payment of Claims Statute (Against Safeco)**

29.     The Claim is a claim under an insurance policy with Defendant Safeco, of which Plaintiff gave Safeco proper notice, causing Safeco to be liable for the Claim.

30.     Defendant Safeco violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

> a.   Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Safeco reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;
>
> b.   Failing to notify Plaintiff in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or
>
> c.   Delaying payment of the Claim following Safeco' receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

31.     Defendant Safeco is therefore liable to Plaintiff for damages.  In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.     Unfair Settlement Practices/Bad Faith (Against All Defendants)**

32.     Each of the foregoing paragraphs is incorporated by reference in the following.

33.     As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**Defendant Safeco**

34. Defendant Safeco engaged in unfair settlement practices by:

    a. misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue;

    b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Safeco' liability had become reasonably clear;

    c. failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    d. failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    e. refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

35. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Safeco and was a producing cause of Plaintiff's damages. Safeco is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**Defendant Crawford**

36. Defendant Crawford was a contractor and/or adjuster assigned by Defendant Safeco to assist with adjusting the Claim. Defendant Crawford was charged with investigating the Claim and communicated with Plaintiff about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

37.     Defendant Crawford was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

38.     Defendant Crawford conducted a substandard, results-oriented inspection of the Subject Property.  As such, Crawford failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as required by the Policy and Texas law.

39.     Further, Defendant Crawford misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses.  Additionally, Crawford failed to provide Plaintiff with a reasonable explanation as to why Safeco was not compensating Plaintiff for the covered losses, or the true value thereof.

40.     Thus, Defendant Crawford engaged in unfair settlement practices by:

   a.   misrepresenting to Plaintiff a material fact or Policy provision relating to the coverage at issue;

   b.   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Safeco' liability had become reasonably clear;

   c.   failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Safeco' denial of a claim or offer of a compromise settlement of a claim; and/or

   d.   failing to conduct a reasonable investigation of Plaintiff's Claim.

41.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Crawford and was a producing cause of Plaintiff's damages.  Crawford is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**D.     DTPA (Against All Defendants)**

42.     Each of the foregoing paragraphs is incorporated by reference here fully.

43.     At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

44.     Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

a.   Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

b.   Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

c.   Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed;

d.   Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapter 541 of the Insurance Code;

e.   Generally engaging in unconscionable courses of action while handling the claim; and/or

f.   Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

45.     As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

46.     Further, Defendants knowingly and/or intentionally committed the acts complained of herein.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**E.     Breach of Duty of Good Faith and Fair Dealing (Against Safeco)**

47.     Defendant Safeco breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Safeco knew or should have known liability was reasonably clear.  Safeco's conduct proximately caused Plaintiff's damages.

48.     Defendant Safeco is therefore liable to Plaintiff.

**F.     Attorneys' Fees**

49.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

50.     Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

51.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

52.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

53.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## X.
## JURY TRIAL DEMAND

54.     Plaintiff demands a jury trial of this cause, and has or will tender the appropriate

jury fee.

## XI.
## DISCOVERY REQUESTS

55.     Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50)

days after service of this request, the information or material described in Rule 194.2(a)-(l).

56.     All Defendants are also requested to respond to the attached discovery requests

within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

57.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice of

Plaintiff's intent to use all discovery instruments produced in this case at trial.  Such discovery

instruments include, but are not limited to, all documents Defendants have or will produce in

response to Plaintiff's written discovery requests.

## XIII.
## CONCLUSION & PRAYER

For these reasons, Plaintiff prays that citations be issued and, upon final hearing of the case,

Plaintiff recover all damages from and against Defendants that may reasonably be established by

a preponderance of the evidence, and Plaintiff be awarded attorneys' fees through trial and appeal,

costs of court, pre-judgment interest, post-judgment interest, and such other and further relief,

general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

_Bryant Fitts_

**Bryant Fitts**
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION

PLAINTIFF in this case requests that Defendant(s) answer the following Interrogatories and Request for Production separately in writing under oath within 50 days of service and serve your answers to these Interrogatories and Request for Production and produce related documents on Plaintiff by and through her attorneys of record:

FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile  713.583.1492

The documents must be produced at the office of Fitts Law Firm, PLLC as they are kept in the usual course of business and organized and labeled to correspond with the numbers requests.

You are under a duty to amend your responses if you obtain information on the basis of which:

1) You know the response made was incorrect or incomplete when made; or
2) You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

_Bryant Fitts_

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla R. Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile  713.583.1492

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

This is to certify that, pursuant to the provisions of Texas Rule of Civil Procedure 21a, a true and correct copy of the foregoing document has been attached to the petition.

_____
Bryant Fitts

## DEFINITIONS AND INSTRUCTIONS

1. In answering this discovery, please furnish all information available to you, including information in the possession of your agents, attorneys, investigators for your attorneys, and not merely known of your personal knowledge.

2. If you are unable to answer a particular question or request in full after exercising due diligence to obtain the information to do so, please state this and answer the question or request to the fullest extent possible, specifying and explaining your inability to answer the entire question or request and stating what information or knowledge you have concerning the answered portion.

3. In the event that you withhold information or documents or object to a request on the grounds of a privilege:
   a. Identify the title of the document and it's general subject matter;
   b. State the date of the document;
   c. Identify the persons who participated in its preparation;
   d. Identify the persons for whom it was prepared or to whom it was sent;
   e. State the nature of the privilege claims; and
   f. State in detail each and every fact upon which you base your claims for privilege.

4. "Documents" is to be interpreted broadly and includes any original, reproduction or copy of any kind, typed, recorded, graphic, printed, written or documentary, including without limitation, correspondence, memoranda, calendars, desk files, interoffice communications, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, inventories, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notice of telephone conversations, sales receipts and notes of any and all communications and every other means of recording any tangible thing, any form of communication of representation, including letters, words, pictures, sounds or symbols, or combinations thereof in your possession, custody, or control. This term is intended to include information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats, such as computer drives, computer servers, and/or any other computer, electronic, or digital means. Such digital or electronic information, data, and items should be produced in their original, unaltered versions; however, this term also expressly seeks any corollary files generated pursuant to any alterations of the original versions and files that otherwise evidence the history, tracking, deletion, and/or other alteration of such information, data, and items (i.e., metadata). Information, data, and items generated by, recorded by, and/or stored by or in electronic or digital means and formats are requested to be produced via CD-ROM, DVD, or similar digital format and to include metadata.

5. "You," "Your," "Yours," "Defendants," and "Defendant" means and refers to all Defendants in this case, as well all other natural persons, businesses or legal entities acting or purporting to act for or on behalf of the person or entity to whom these requests are directed.

6. When asked to identify a person or state the identity of a person, or when an interrogatory refers to a person, please state
   a. His/her full name;
   b. Present or last known residence address;
   c. Present or last known business address; and,
   d. Present residence and/or business telephone number.

7. If you decide that one question constitutes more that one question and you plan to object on the basis of excessive interrogatories, you are instructed to skip that question and continue to answer the questions that you consider to be single questions.  By answering any numbered question, you are admitting that one number question is in fact one question and waive and objection based upon a limit of interrogatories.

8. "Plaintiff" and "Plaintiffs" refer to a single Plaintiff or multiple Plaintiffs, if applicable.

## FIRST SET OF INTERROGATORIES

**Interrogatory No. 1**.  State the name, address (both work and home), telephone number, driver's license number, social security number, and position or job title of all persons answering these interrogatories.

**Response:**

**Interrogatory No. 2**.  List the date(s) Defendant(s) requested that Plaintiff provide any of the named Defendants in this cause of action with information, which was required in order to properly evaluate Plaintiff's claim(s).

**Response:**

**Interrogatory No. 3**.  List the date(s) Defendant(s) received Plaintiff's claim(s) for coverage for property damages, the date(s) Defendant(s) first acknowledged Plaintiff's notice of claim(s), and in what form the notice of claim was submitted.

**Response:**

**Interrogatory No. 4**.  Do you contend that Plaintiff did not provide you and/or the adjuster or other third parties with all information you and/or the adjuster requested in order to properly evaluate Plaintiff's claim?  If so, please state what information was requested and not provided, and the dates of the requests.

**Response:**

**Interrogatory No. 5**.  State the basis, in fact and in the terms of the policy, for your denial or partial denial of any portion of Plaintiff's claim for coverage for hail damage to the Subject Property (or the adjuster's recommendation of denial).

**Response:**

**Interrogatory No. 6**.  State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries or made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) making the basis of this lawsuit including the name, address and telephone number of the identified person's supervisor.  For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

**Response:**

**Interrogatory No. 7**. State the name, address, telephone number and job title or position of all persons and/or entities in Texas that have been approved to perform outside adjusting, accounting or engineering investigation and recommendations on Plaintiff's claims(s).

**Response:**

**Interrogatory No. 8**. State the number of years in which any adjuster involved in the claim at issue has adjusted, investigated and/or recommended any compromise settlement and/or payment of policies held by the insurance company involved in this case. Please also provide the date on which such adjuster was licensed as an adjuster in the State of Texas.

**Response:**

**Interrogatory No. 9**. For each adjuster involved with the claim at issue, list any and all courses, seminars, education, training or other experiences such person has attended or received concerning knowledge of Texas Insurance Code Chapter 541. Formerly Art. 21.21, *et seq.*, and Texas Insurance Code Chapter 542, formerly Art5. 21.55. *et seq.* Please also provide the name, address and telephone number of the entity or individual that sponsored and/or provided the course, seminar, education, training or other experience.

**Response:**

**Interrogatory No. 10**. State the legal theories, and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. § 541.060.

**Response:**

**Interrogatory No. 11**. Identify every other insurance claim made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was denied in part or whole. State the name, phone number and address of the insured.

**Response:**

**Interrogatory No. 12**. For each investigation by a Texas governmental agency within the last four years into Defendant's(s') practices when handling first party claims for building damage, business personal property damage, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant(s) communicated for purposes of the investigation.

**Response:**

**Interrogatory No. 13**.   List any and all courses, seminars, education, training or reference materials persons involved in adjusting the claim at issue attended or received specific to handling and investigating building damage.

**Response:**

**Interrogatory No. 14**.  List any and all experience each person involved in adjusting the claim at issue has concerning handling or adjusting property damage claims.

**Response:**

**Interrogatory No. 15**.  State the current annual salary each person involved in adjusting the claim at issue earns from the adjustment of insurance claims.  Please state any bonus and/or profit-sharing proceeds received in the last five years and how those bonus and/or profit-sharing proceeds were calculated.

**Response:**

**Interrogatory No. 16**.  Please state whether Defendant(s) took, or are aware of the taking of a recorded statement and/or examination under oath of Plaintiff regarding the claim made the basis of this lawsuit.  If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed and where the statement is currently located and/or the last place Defendant(s) saw a transcription of same.

**Response:**

**Interrogatory No. 17**.   Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

**Response:**

**Interrogatory No. 18**.  State whether any person involved in adjusting the claim at issue requested or asked for assistance in handling and/or investigating Plaintiff's claim(s), and if so, identify to whom the request was made.

**Response:**

**Interrogatory No. 19**.  State the name, address, and telephone number of the office which each person involved in adjusting the claim at issue worked while handling Plaintiff's claim(s), and the name, address, and telephone number of each person's direct supervisor during that time.

**Response:**

**Interrogatory No. 20**.  If you received complaints from an insurance agent concerning the handling of any hail or windstorm claims made pertaining to the same date of loss as this case, identify such agent by name, address, and telephone number.

**Response:**

**Interrogatory No. 21**.  Give the name, address and telephone number of all persons making a claim with you for property damage for the same date of loss as Plaintiff's claim.  This request is limited to persons who live within a 5-mile radius of Plaintiff's insured residence.

**Response:**

## FIRST SET OF REQUEST FOR PRODUCTION

**Request for Production No. 1.** A certified copy of the insurance policy issued by Defendant to Plaintiff.

**Response:**


**Request for Production No. 2.** The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

**Response:**


**Request for Production No. 3.** The claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "filed" files and notes, and drafts of documents contained in the file.

**Response:**


**Request for Production No. 4.** The electronic diary, including the electronic and paper notes made by Defendant's(s') claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff claims.

**Response:**


**Request for Production No. 5.** Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of windstorm claims in Texas from the date of the loss at issue in this claim, and one year, and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

**Response:**

**Request for Production No. 6.** Your written procedures or policies (including document(s) maintained in electronic form) in place from the date of loss at issue in this claim, and back on year, and forward one year, that pertain to the handling of complaints made by windstorm policyholder in Texas. If the party answering this request is an independent adjusted, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with the respect to this claim.

**Response:**


**Request for Production No. 7.** The Operation Guides which relate to the handling of hail claims in Texas in effect from the date of loss at issue in this case, and back one and forward one year. If the party answering this request is an independent adjuster, produce the requested documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

**Response:**


**Request for Production No. 8.** The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**Response:**


**Request for Production No. 9.** Any engineering or other reports prepared concerning Plaintiff's underlying claim and any claims for damages you contend are related to the underlying claim.

**Response:**


**Request for Production No. 10.** If you dispute that the cause of the loss was related solely to a storm during the policy period at issue, produce all reports in your possession regarding damage to any property within a one-mile radius of the Plaintiff's insured property, and produce any reports concerning hail such radius.

**Response:**


**Request for Production No. 11.** If you contend that the damages are caused by anything other than the event at issue in the underlying claim, produce all related claim files, reports, and photos in your possession

**Response:**


**Request for Production No. 12.** Any roofing repair reports prepared concerning the Insured Location.

**Response:**


**Request for Production No. 13.** The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

**Response:**


**Request for Production No. 14.** The emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

**Response:**


**Request for Production No. 15**. The videotapes, photographs and records of Plaintiff or Plaintiff's home, regardless of whether you intend to offer these items into evidence at trial.

**Response:**


**Request for Production No. 16.** Defendant's(s') internal newsletter, bulletins, publications and memoranda relating to policies and procedures for handling Texas hail claims that were issues from one year prior to the date of loss at issue to one year after the date, including , but not limited to, memoranda issued to claims adjusters.

**Response:**


**Request for Production No. 17.** The price guidelines that pertain to the handling of claims arising out of hail storms. In the event you utilize published guidelines or "off the shelf" software, without medication, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

**Response:**

**Request for Production No. 18.** The Plaintiff's file from the office of their insurance agent.

**Response:**

**Request for Production No. 19.** The information regarding weather condition on which you relied in making decisions on the Plaintiff's claims.

**Response:**

**Request of Production No. 20.** The documents, manuals and training materials, including audio and/or video tapes used in training, overseeing or supervising your personnel employed in adjusting property claims in Texas and in effect from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 21.** The "Pay sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses and third party payments.

**Response:**

**Request for Production No. 22.** The billing statements, including billing detail, of the independent adjusters and engineers retained to evaluate the subject property.

**Response:**

**Request for Production No. 23.** The documents reflecting reserves applied to the subject claim.

**Response:**

**Request for Production No. 24.** For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

**Response:**

**Request for Production No. 25.** The managerial bonus or incentive place for managers responsible for windstorm claims in effect for the time period one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 26.** The bonus or incentive plan for adjusters in effect for the time period one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 27.** The documents reflecting your criteria and procedures for the selection and retention of independent adjusters and engineers handling windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 28.** If a third party evaluated the subject property, provide the documents that show the number of other matters in which the same such person(s) were retained by you to evaluate other properties over the past five years.

**Response:**

**Request for Production No. 29.** The Complaint Log required to be kept by you for windstorm complaints in Texas filed over the past three years.

**Response:**

**Request for Production No. 30.** Your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the date of loss at issue through one year after such date.

**Response:**

**Request for Production No. 31.** The contract between the Defendant insurer and the Defendant third party adjusting company.

**Response:**

**Request for Production No. 32.** The correspondence between the Defendant insurer and the third party adjusters/adjusting firms, engineers and other estimators who work on the claim that pertain to the Claim at issue.

**Response:**

**Request for Production No. 33.** Produce the claim file for all property damage claims made by persons for the same date of loss as Plaintiff's claim. This request is limited to persons who love within a 5 mile radius of Plaintiff's insured residence.

**Response:**

PERSONAL CITATION
THE STATE OF TEXAS

**CAUSE # 94138-CC2**

NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."
TO:
**Timothy Dow Crawford**
**1138 Maynard Place**
**Houston TX  77064**

Respondent Greetings:
YOU ARE HEREBY COMMANDED to appear before the Honorable County Court at Law 2, Kaufman County, Texas, by filing a written answer to the **Original Petition and Initial Written Discovery Requests** of the Plaintiff at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service hereof, a copy of which accompanies the Citation, in Cause Number **94138-CC2,** styled Valentin Hernandez Vs. Safeco Insurance Company of Indiana, Timothy Crawford, filed in said court on November 12, 2015. WITNESS, RHONDA HUGHEY, District Clerk of Kaufman County, Texas.

Issued and given under my hand and seal of said Court at Kaufman, Texas, on this the 12th day of November, 2015.

RHONDA HUGHEY
DISTRICT CLERK
100 W Mulberry St
Kaufman, TX 75142

By Michelle Lopez                                Deputy
Michelle Lopez

Attorney for Plaintiff:
Carla R. Delpit
2700 Post Oak Blvd Ste 1120
Houston TX  77056
713-871-1670

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock_____ m, and
executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:
**Name**                     **Date/Time**                **Place, Course and Distance from Courthouse**
_____     _____     _____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:_____
and the cause or failure to execute this process is:_____
and the information received as to the whereabouts of said defendant
being_____
**FEES**:
Serving Petition and Copy     $_____          Total          $_____
                                                              _____, Officer
                                                              _____, County, Texas
                                                     By:_____, Deputy

                                                     _____
                                                     Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

" My name is _____, my date of birth is _____, and my address is
        (First, Middle, Last)

_____.

(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of

_____.


_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

Filed: 12/11/2015 11:13:53 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Rhonda Hughey



CORPORATION SERVICE COMPANY'

# Notice of Service of Process

SOM / ALL
Transmittal Number: 14482359
Date Processed: 11/18/2015

| | |
|---|---|
| Primary Contact: | Arlene Smith
Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02117 |

| | |
|---|---|
| Entity: | Safeco Insurance Company Of Indiana
Entity ID Number  2780991 |
| Entity Served: | Safeco Insurance of Indiana |
| Title of Action: | In Re: Valentin Hernandez |
| Document(s) Type: | Confidential Offer of Compromise Under Texas Rule of Evidence |
| Nature of Action: | Contract |
| Case/Reference No: | Not Shown |
| Jurisdiction Served: | Massachusetts |
| Date Served on CSC: | 11/17/2015 |
| Answer or Appearance Due: | Other/NA |
| Originally Served On: | Liberty Mutual on 11/16/2015 |
| How Served: | Client Direct |
| Sender Information: | Bryant Fitts
713-871-1670 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com


EXHIBIT
"A"

 **Fitts Law Firm, PLLC**

Galleria Tower I
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Voice (713) 871-1670
Facsimile (713) 583-1492

November 4, 2015

Safeco Insurance of Indiana      *Via CMRRR No.* 9590 9401 0033 5168 0527 45
175 Berkeley St
Boston MA 02116-5066

Timothy Dow Crawford      *Via CMRRR No.* 9590 9401 0033 5168 0527 52
1138 Maynard Place
Houston, TX 77064

Re:    Our Client/Your Insured:    Valentin Hernandez
       Policy No.:    OY6594014
       Claim No.:    723516065039
       Insured Address:    6540 Co Road 4097, Kaufman, TX 75142
       Date of Loss:    May 8, 2014

### CONFIDENTIAL OFFER OF COMPROMISE
### UNDER TEXAS RULE OF EVIDENCE 408

To Whom It May Concern:

This letter is sent on behalf of my client, Valentin Hernandez, who we represent in connection with the weather-related loss to his insured property on or about May 8, 2014. The undersigned has been authorized by Mr. Hernandez to provide this notice and to make the accompanying offer of compromise. More specifically, this letter is intended to put you on notice of my client's claims against Safeco Insurance of Indiana ("Safeco") and Timothy Dow Crawford ("Crawford") pursuant to the following statutes:

- Texas Insurance Code § 541.060, et seq. and § 542.055, et seq.;
- Texas Business and Commerce Code § 17.41, et seq.;
- Texas Civil Practice & Remedies Code § 38.001, et seq.; and
- Texas Finance Code § 304.104.

To aid your evaluation of the offer, in the following sections, we have outlined the relevant facts, an analysis of your and your agents' liability, and the damages incurred by my client to date. The statements made in this letter are confidential, made only for purposes of settlement, and are

Page 2*

not intended to waive any factual or legal position or otherwise prejudice Mr. Hernandez. *See generally* TEX. R. EVID. 408.

## I. FACTUAL BACKGROUND

Mr. Hernandez owns certain property located at 6540 Co Road 4097, Kaufman, TX 75142 (the "Property"), which was insured under a contract of insurance issued by Safeco Insurance. On or about May 8, 2014, a storm caused the Property to sustain the following damage including, but not necessarily limited to, roof and dwelling. After the incident, Mr. Hernandez made a claim (Claim No. 723516065039) and demand for payment to Safeco for damages to the Property and other damages covered by the terms of the Policy (the "Claim").

After receipt of the Claim, Safeco enlisted Tim Crawford to assist with adjusting the Claim. Safeco and Crawford conducted a substandard investigation of the Claim, failed to thoroughly investigate Mr. Hernandez's losses, and spent an inadequate amount of time investigating Mr. Hernandez's claimed losses. Safeco and Crawford also set out to deny properly covered damages by performing a results-oriented investigation of Mr. Hernandez's claim, which resulted in a biased, unfair and inequitable evaluation of Mr. Hernandez's losses on the property. They thereby artificially denied Plaintiffs' losses. More specifically, they expediently denied Mr. Hernandez's claim, completely ignored obviously covered damage to his property and undervalued and underscoped the nature of his loss.

As a result of this unreasonable investigation, Safeco underpaid Mr. Hernandez's claim. To date, Mr. Hernandez has yet to receive full payment to which he is entitled under the Policy. Therefore, as explained further Safeco and Crawford are liable to Mr. Hernandez for violating Texas law.

## II. LIABILITY

Safeco and Mr. Crawford's improper handling of the Claim and/or Policy subjects them to liability under Texas law, as further detailed below, of which we hereby place you on notice.

### A.    Breach of Contract (Safeco)

Safeco is liable to Mr. Hernandez for breach of contract. Safeco had a valid, enforceable contract of insurance with Mr. Hernandez, namely, the Policy. Safeco breached the terms of that contract by wrongfully denying and/or underpaying the Claim. Safeco's breach proximately caused Mr. Hernandez's damages. All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied.

Page 3

**B.     Prompt Payment of Claims Statute (Safeco)**

Safeco is liable to Mr. Hernandez for violations of the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq*. More specifically, Safeco committed violations by:

- Failing to request from Mr. Hernandez all items, statements, and forms that it reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;
- Failing to notify Mr. Hernandez in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or
- Delaying payment of the Claim following it's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

Safeco is therefore liable to Mr. Hernandez for damages. Mr. Hernandez is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.     Unfair Settlement Practices/Bad Faith (Safeco and Crawford)**

As explained further, Safeco and Crawford violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**1.     Safeco**

Safeco engaged in unfair settlement practices by:

- misrepresenting a material fact or policy provision relating to coverage at issue;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;
- failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
- failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights; and
- refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

Page 4

Each of the aforementioned unfair settlement practices was committed knowingly by Safeco and was a producing cause of Plaintiffs' damages. Safeco is therefore liable to Mr. Hernandez for engaging in such unfair settlement practices and causing Mr. Hernandez's damages.

### 2.   Crawford

Crawford, an insurance adjuster was assigned by Safeco to adjust the Claim. Mr. Crawford was charged with investigating the Claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

Mr. Crawford was tasked with the responsibility of conducting a thorough and reasonable investigation of the Claim, including discovering covered damages and fully quantifying covered damages to the Property.

Mr. Crawford conducted a substandard, results-oriented inspection of the Subject Property. As such, Crawford failed to discover covered damages and/or fully quantify covered damages to the Property, as the Policy and Texas law require.

Further, Mr. Crawford misrepresented material facts, that is, the existence and true value of the covered losses. Additionally, Mr. Crawford failed to provide a reasonable explanation as to why Safeco was not compensating Mr. Hernandez for the covered losses, or the true value thereof.

Thus, the adjuster engaged in unfair settlement practices by:

- misrepresenting a material fact or policy provision relating to coverage at issue;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;
- failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the denial of a claim or offer of a compromise settlement of a claim; and/or
- failing to conduct a reasonable investigation of the Claim.

Each of the aforementioned unfair settlement practices was committed knowingly by Mr. Crawford and was a producing cause of Mr. Hernandez's damages. The adjuster is therefore liable to Mr. Hernandez for engaging in such unfair settlement practices and causing Mr. Hernandez's damages.

Page 5

### D.    Breach of the Duty of Good Faith and Fair Dealing (Safeco)

Safeco is liable to Mr. Hernandez for breaching the common law duty of good faith and fair dealing owed to Mr. Hernandez by denying or delaying payment on the Claim when Safeco knew or should have known that liability was reasonably clear. Safeco's conduct proximately caused Mr. Hernandez's damages.

### E.    Texas Deceptive Trade Practices-Consumer Protection Act
###       (Safeco and Crawford)

Safeco and Crawford have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

- Safeco and Crawford  represented that the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;
- They represented that goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities that they do not have;
- They failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumers into a transaction that the consumers would not have entered into had the information been disclosed;
- Safeco and Crawford, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Safeco took advantage of Mr. Hernandez's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code;
- Generally engaging in unconscionable courses of action while handling the claim; and/or
- Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

As a result of their violations of the DTPA, Mr. Hernandez suffered actual damages, and such violations were a producing, actual, and proximate cause of Mr. Hernandez's damages. Therefore, they are liable to Mr. Hernandez for violations of the DTPA.

Further, Safeco and Crawford knowingly and/or intentionally committed the acts complained of.  As such, Mr. Hernandez is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)–(b).

Page 6

### F.   Attorneys' Fees

Mr. Hernandez has engaged the undersigned attorneys to prosecute his claim and potential lawsuit against Safeco and Crawford and has agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

Mr. Hernandez is therefore entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003, Tex. Bus. & Com. Code § 17.50(d), and/or Tex. Ins. Code §§ 541.152, 542.060. To this end, Mr. Hernandez hereby presents his claim to Safeco and Crawford, in accordance with Texas law.

### III. DAMAGES

Based upon the wrongful conduct described above, Mr. Hernandez hereby demands payment for the following damages. Note that these amounts do not include pre-judgment interest and that they are subject to change.

### A.   Economic Damages

| Damage | Amount | Calculation |
|---|---|---|
| Net Replacement Value | $53,070.54 | • $ = Net Claim Value – Tender<br>• Claim Estimate = $53,070.54<br>• Tender = $0.00 |

Mr. Hernandez has enlisted a company to make an estimate of his damages from the hail and wind loss on May 8, 2014. The company found covered losses far exceeding those that Safeco assessed.

Mr. Hernandez is entitled to a total net replacement cost of $53,070.54. Due to the fact that Safeco's total tender of the net replacement cost was $0.00, Mr. Hernandez is entitled to actual damages of **$53,070.54.**

### B.   Treble Damages
(TEX. BUS. & COM. CODE § 17.50(b)(1))

| Damage | Amount | Calculation |
|---|---|---|
| Treble Damages | $159,211.62 | • $ = Economic Damages * 3<br>• Economic Damages = $53,070.54 |

Page 7

Pursuant to Tex. Bus. & Com. Code § 17.50(b)(1), Mr. Hernandez is entitled to three times his above-outlined economic damages, or **$159,211.62.**

**C.** **Prompt Payment Act Interest**
(TEX. INS. CODE § 542.060)

| Damage | Amount | Calculation |
|--------|--------|-------------|
| 18% penalty under Tex. Ins. Code § 542.060 | $14,132.76 | • $ = Principal * Rate * Time<br>• Principal = $53,070.54<br>• Rate = 18% per annum<br>• Time = 540 days |

Mr. Hernandez is also entitled to the statutory interest penalty under the Prompt Payment Act, which totals **$14,132.76.** This calculation, as outlined in the above chart, assumes a period of delayed payment beginning May 13, 2014 and ending November 4, 2015 (the date of this letter), which is 540 days.

**D.** **Attorneys' Fees**

| Damage | Amount | Calculation |
|--------|--------|-------------|
| Attorneys' Fees | $21,228.22 | • $ = Actual Damages * 40%<br>• Actual Damages = $53,070.54 |

Finally, per Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003, Tex. Bus. & Com. Code § 17.50(d), and/or Tex. Ins. Code §§ 541.152, 542.060, Mr. Hernandez is entitled to reasonable and necessary attorneys' fees of **$21,228.22.**

**E.** **Totals**

| Damage | Amount |
|--------|--------|
| Treble Damages | $159,211.62 |
| Prompt Payment Interest | $14,132.76 |
| Attorney's Fees | $21,228.22 |
| TOTAL | $194,572.59 |

Mr. Hernandez accordingly presents his claim for **$194,572.59.**

Page 8

## IV. NOTICE OF DUTY TO PRESERVE EVIDENCE

As a final point, although we look forward to working toward an amicable solution of our client's claims against you, numerous records—such as the original claim file and the underwriting file—will undoubtedly be relevant in any lawsuit that will ensue. Accordingly, we hereby provide notice that you have an ethical and legal duty to preserve—and to not destroy, conceal, or alter—all evidence, documents, and tangible things that arise out of or relate to the aforementioned claim, your company, your agents and claims adjusters that are otherwise relevant to our client's claims against your company. *See Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 722 (Tex. 2003); *Trevino v. Ortega*, 969 S.W.2d 950, 954 (Tex. 1998) (Baker, J., concurring). We therefore request that you preserve—and not destroy, conceal, or alter—any and all such items.

Please note that your failure to comply with your ethical and legal obligation to preserve evidence can result in a court imposing severe sanctions. To ensure that you comply with your obligations, please forward a copy of this letter to all persons and entities with custodial responsibility for the items referred to in this letter. Please also forward this letter to your general counsel or other legal representative. To that end, considering the depth of discovery in a case such as this, as well as concerns of spoliation, we suggest that you begin the process of gathering data, processing information and preserving it to a backup system in individual plots for easy access and retrieval now—before the formal discovery process requires disclosure.

## V. CONCLUSION

We look forward to your response and to working with you in good faith to resolve this matter without the need for court intervention. To this end, please do not hesitate to contact our office if you need additional information or clarification. Thank you for your prompt attention to this matter.

Sincerely,

Bryant Fitts
FITTS LAW FIRM

ATTORNEY FOR VALENTIN HERNANDEZ



**Fitts Law Firm, PLLC**
Galleria Tower I
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056

N HOUSTON
TX 773
13 NOV '15
PM 2 L



UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $ 006.95⁵
0001906119  NOV 12 2015
MAILED FROM ZIP CODE 77056

**Safeco Insurance of Indiana**
**175 Berkeley St.**
**Boston, MA 02116-5066**

0211650..675

Filed: 12/4/2015 11:56:57 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas
Susan Cook Mendoza

**PERSONAL CITATION**
**THE STATE OF TEXAS**                    **CAUSE # 94138-CC2**

NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."
TO:
**Safeco Insurance Company of Indiana**
**by serving its Registered Agent**
**Corporation Service Company**
**211 East 7th Street Suite 620**
**Austin TX 78701-3218**

Respondent Greetings:
YOU ARE HEREBY COMMANDED to appear before the Honorable County Court at Law 2, Kaufman County, Texas, by filing a written answer to the **Original Petition and Initial Written Discovery Requests** of the Plaintiff at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service hereof, a copy of which accompanies the Citation, in Cause Number **94138-CC2**, styled Valentin Hernandez Vs. Safeco Insurance Company of Indiana, Timothy Crawford, filed in said court on November 12, 2015.  WITNESS,RHONDA HUGHEY, District Clerk of Kaufman County, Texas.

Issued and given under my hand and seal of said Court at Kaufman, Texas, on this the 12th day of November, 2015.

                                        RHONDA HUGHEY
                                        DISTRICT CLERK
                                        100 W Mulberry St
                                        Kaufman, TX 75142

                                        By _____ Deputy
                                        Michelle Lopez

**Attorney for Plaintiff:**
Carla R. Delpit
2700 Post Oak Blvd Ste 1120
Houston TX 77056
713-871-1670

## OFFICER'S RETURN

Came to hand on the _17th_ day of _November_, _2015_, at _12:00_, o'clock _P_.m., and executed in _Travis_ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:
Name                Date/Time      Place, Course and Distance from Courthouse
_Safeco Insurance company of Indiana by serving its registered agent, Corporation Service company_
_accepted by authorized agent, Sue Vortrees, on 11-20-15 @ 2:30 PM, at 211 E. 7th St. Ste._
And not executed as to the defendant(s), _620, Austin Tx, 78701_

The diligence used in finding said defendant(s) being: _____
and the cause or failure to execute this process is: _____
and the information received as to the whereabouts of said defendant
being _____
FEES:
Serving Petition and Copy    $_____          Total  $_____
                                               _Process Server_, Officer
State of _Texas_                               _Travis_ County, Texas
County of _Williamson_                         By: _Corine Sparre_, Deputy

Sworn to and subscribed before me on
the _23_ day of _November 2015_

_____
Notary Public's Signature
My Commission Expires  _8.11.19_



PERSONAL CITATION           **CAUSE # 94138-CC2**
THE STATE OF TEXAS

    NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."
TO:
**Safeco Insurance Company of Indiana**
**by serving its Registered Agent**
**Corporation Service Company**
**211 East 7th Street Suite 620**
**Austin TX 78701-3218**

Respondent Greetings:
    YOU ARE HEREBY COMMANDED to appear before the Honorable County Court at Law 2, Kaufman County, Texas, by filing a written answer to the **Original Petition and Initial Written Discovery Requests** of the Plaintiff at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service hereof, a copy of which accompanies the Citation, in Cause Number **94138-CC2,** styled Valentin Hernandez Vs. Safeco Insurance Company of Indiana, Timothy Crawford, filed in said court on November 12, 2015.  WITNESS,RHONDA HUGHEY, District Clerk of Kaufman County, Texas.

    Issued and given under my hand and seal of said Court at Kaufman, Texas, on this the 12th day of November, 2015.

                                             RHONDA HUGHEY
                                            DISTRICT CLERK
                                            100 W Mulberry St
                                            Kaufman, TX 75142

                                            By _____ Deputy
                                            Michelle Lopez

Attorney for Plaintiff:
Carla R. Delpit
2700 Post Oak Blvd Ste 1120
Houston TX  77056
713-871-1670

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock _____.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:_____
and the cause or failure to execute this process is:_____
and the information received as to the whereabouts of said defendant
being_____
FEES:
Serving Petition and Copy    $_____           Total       $_____
                                                _____, Officer
                                              _____, County, Texas
                                    By:_____, Deputy

                                            Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

" My name is _____, my date of birth is _____, and my address is
(First, Middle, Last)

_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of
_____.


_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

Filed: 12/11/2015 11:13:53 AM
Rhonda Hughey,
District Clerk
Kaufman County, Texas

Rhonda Hughey

## CAUSE NO. 94138-CC2

| | | |
|---|---|---|
| VALENTIN HERNANDEZ,<br>    Plaintiff | §<br>§<br>§ | IN THE COUNTY COURT |
| v. | §<br>§ | AT LAW NUIMBER TWO |
| SAFECO INSURANCE COMPANY<br>OF INDIANA AND TIMOTHY<br>DOW CRAWFORD,<br>    Defendants | §<br>§<br>§<br>§<br>§ | KAUFMAN COUNTY, TEXAS |

## DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S ORIGINAL ANSWER AND VERIFIED PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Safeco Insurance Company of Indiana ("Safeco") and files this Original Answer and Verified Plea in Abatement to Plaintiff's Original Petition and for such would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Safeco denies each and every, all and singular, the allegations set forth in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence at the final trial of this case.

### II.
### AFFIRMATIVE DEFENSES

**Appraisal.** Safeco further avers and asserts that Plaintiff has failed to satisfy all conditions precedent to bringing this suit under his homeowners' insurance policy. Specifically, Safeco reserves their right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss and denies any intent to waive this right.

## III.
## PLEA IN ABATEMENT

Plaintiff alleges that Safeco acted in bad faith by failing to pay the appropriate benefits under his homeowner's insurance policy for damage caused by the storm that occurred on or about May 8, 2014. In addition to causes of action for breach of contract, fraud and breach of the common-law duty of good faith and fair dealing, Plaintiff has also asserted causes of action for violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. *See* Plaintiff's Original Petition at pp. 4-10.

Safeco is entitled to abatement because Plaintiff did not give written notice of his claims at least 60 days before filing suit as required by Section 17.505 of The Texas Deceptive Trade Practices Act and Section 541.154 of the Texas Insurance Code. *See also In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 176 (Tex. 1999). The applicable sections require that a person seeking damages under these statutes give written notice of their claims at least 60 days before filing suit. The written notice must include a description of the specific complaint and the amount of actual damages and expenses, including attorneys' fees, reasonably incurred in asserting the claim. Plaintiff sent his notice letter on November 4, 2015. A copy of this letter is attached hereto as Exhibit "A." It is undisputed that Plaintiff prematurely filed suit on November 12, 2015 - within 60 days of the date of the notice letter. Accordingly, Plaintiff did not provide proper notice of his claims 60 days prior to filing suit and Safeco is entitled to an abatement of this suit.

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana respectfully prays that this action be abated until 60 days after proper written notice is served in compliance with Section 541.154 of the Texas Insurance Code and Section 17.505 of the Deceptive Trade Practices Act; that upon final hearing hereof, Plaintiff take nothing by

reason of this action, that Safeco be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 6000
Austin, Texas 78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205

By: _____
Catherine L. Hanna
State Bar No. 08918280
Email: channa@hannaplaut.com
Sheila S. Tan
State Bar No. 24078047
Email: stan@hannaplaut.com

**ATTORNEYS FOR DEFENDANT SAFECO
INSURANCE COMPANY OF INDIANA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service and/or facsimile on this __11th__ day of December, 2015 to:

*Via Facsimile (713) 583-1492*
Bryant Fitts
Carla Delpit
Fitts Law Firm, PLLC
2700 Post Oak Boulevard, Suite 1120
Houston, Texas 77056
*Attorneys for Plaintiff*

_____
Catherine L. Hanna

## VERIFICATION

STATE OF TEXAS           §
                         §
COUNTY OF TRAVIS         §

BEFORE ME, the undersigned authority in and for the State of Texas, on this day personally appeared Catherine L. Hanna known to me to be the same person whose name is subscribed hereto, who being first duly sworn in the manner provided by law on oath stated that she is duly qualified to make this affidavit on behalf of Safeco Insurance Company of Indiana, a Defendant in the above-entitled and numbered cause, that she has read Paragraph III of Defendant Safeco Insurance Company of Indiana's Original Answer and Verified Plea in Abatement and the matters stated therein are within her personal knowledge and are true and correct.

_____
Catherine L. Hanna

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the _____ day of December, 2015, to certify which witness my hand and official seal of office.

LISA MARIE PETRIE
Notary ID # 460352
My Commission Expires
August 20, 2016

_____
Notary Public in and for the State of Texas

# EXHIBIT "B"

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back   Location : All Courts  Help

# REGISTER OF ACTIONS
## CASE NO. 94138-CC2

| | | |
|---|---|---|
| Valentin Hernandez Vs. Safeco Insurance Company of Indiana, Timothy Crawford | §<br>§<br>§<br>§<br>§ | Case Type: **Other Civil - DC**<br>Date Filed: **11/12/2015**<br>Location: **DC County Court at Law 2** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **Crawford, Timothy Dow** | |
| **Defendant** | **Safeco Insurance Company of Indiana** | Catherine L. Hanna<br>*Retained*<br>512-472-7700(W) |
| **Plaintiff** | **Hernandez, Valentin** | Carla R. Delpit<br>*Retained*<br>713-871-1670(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 11/12/2015 | **Original Petition (OCA)** | | |
| 11/12/2015 | **Jury Fee Paid (OCA)** | | |
| 11/12/2015 | **Citation** | | |
| | Safeco Insurance Company of Indiana | Served | 11/20/2015 |
| | Crawford, Timothy Dow | Unserved | |
| 11/12/2015 | **Docket Sheet** | | |
| 12/04/2015 | **Return of Service** | | |
| | *Citation-Safeco Ins Co of Indiana* | | |
| 12/11/2015 | **Answer** | | |
| | *Safeco's Answer & Verified Plea in Abatement* | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Hernandez, Valentin | | |
| | Total Financial Assessment | | 303.00 |
| | Total Payments and Credits | | 303.00 |
| | **Balance Due as of 12/16/2015** | | **0.00** |
| 11/12/2015 | Transaction Assessment | | 303.00 |
| 11/12/2015 | EFile Payment | Receipt # DC-125108 | Hernandez, Valentin | (303.00) |

# Civil Docket

| Cause Number: 94138-CC2 | Valentin Hernandez Vs. Safeco Insurance Company of Indiana, Timothy Crawford | Case Type: Other Civil - DC |
|---|---|---|
| | **Plaintiff Attorney: Carla R. Delpit** **Defense Attorney:** | **File Date :** 11/12/2015 |

| Month | Day | Year | Orders of the Court |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# EXHIBIT "C"

## LIST OF ALL COUNSEL OF RECORD

### Counsel for Plaintiff Valentin Hernandez
Bryant Fitts
Carla Delpit
Fitts Law Firm, PLLC
2700 Post Oak Boulevard, Suite1120
Houston, Texas  77056
(713) 871-1670 (Telephone)
(713) 583-1492 (Facsimile)

### Counsel for Defendant Safeco Insurance Company of Indiana
Catherine L. Hanna
Sheila S. Tan
Hanna & Plaut, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas  78701
(512) 472-7700 (Telephone)
(512) 472-0205 (Facsimile)

# EXHIBIT "D"

## INDEX OF ALL DOCUMENTS FILED WITH THE COURT

1.    Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(a) (Diversity)

2.    True and correct copies of all pleadings, process and orders served in this action

3.    State Court Docket Sheet

4.    List of all Counsel of Record