IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VALENTIN HERNANDEZ, §<br>    Plaintiff §<br> §<br>v. §<br> §<br>SAFECO INSURANCE COMPANY §<br>OF INDIANA and TIMOTHY §<br>DOW CRAWFORD, §<br>    Defendants § | CIVIL ACTION NO. 3:15-cv-04016-P |

### DEFENDANT TIMOTHY DOW CRAWFORD'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Timothy Dow Crawford ("Crawford") files this Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Defendant Crawford would respectfully show this Court as follows:

**I.**
**Background Facts**

1.   This suit arises from a dispute regarding the handling of Plaintiff's damage claim made under his homeowner's insurance policy as a result of a storm on May 8, 2014. Plaintiff originally filed suit in state court alleging breach of contract and prompt payment of claims against Safeco Insurance Company of Indiana ("Safeco"), as well as unfair settlement practices, bad faith, and violations of the Deceptive Trade Practices Act against both Safeco and Crawford. Plaintiff alleged that Safeco, its insurance carrier, failed to pay sufficient amounts to repair covered damage and that Crawford, the independent adjuster hired by Safeco to assist in the investigation of the claim, was also liable because he "conducted a substandard investigation of Plaintiff's claim," "failed to thoroughly investigate Plaintiff's losses," "performed a results-

oriented investigation of Plaintiff's claim," and he "verbally misrepresented to Plaintiff that the damage to the property was minor." *See* Plaintiff's Original Petition ¶¶ 13-15.

2.   Defendant Safeco timely removed the action to this Court on the grounds of diversity of citizenship, arguing that Crawford was improperly joined to defeat diversity because there is no reasonable basis for the court to predict that Plaintiff might be able to recover against Crawford.[1]  Plaintiff has not moved the remand the case back to state court.  Defendant Crawford remains entitled to dismissal of all of Plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.
## Argument and Authorities

3.   A motion to dismiss for failure to state a claim should be granted if, accepting the facts in the complaint as true, a plaintiff cannot show any right to relief that is plausible and above mere speculation.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995); *cf. Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004) (test for improper joinder is whether the defendant has demonstrated that there is no reasonable possibility of recovery by the plaintiff against an in-state defendant); *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993) (internal quotation marks omitted)); *Accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (the "mere assertion of metaphysical doubt as to the material facts i[s] insufficient" to establish a reasonable basis for predicting recovery under state law).  In this case, Plaintiff's Original Petition makes clear that Plaintiff cannot state a claim against Crawford.

---

[1] When Safeco removed the case to federal court, Crawford had not been served. Crawford was served with Plaintiff's Original Petition filed in state court by the Beauregard Parish Sheriff in Louisiana on December 28, 2015.

4.  In *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014), this court held that for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage. Both the Insurance Code and the Deceptive Trade Practices Act require proof that the defendant's conduct was the cause in fact of actual damages. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 702 (5th Cir. 1999); *Provident Am. Ins. Co. v. Castaneda,* 988 S.W.2d 189, 192 (Tex. 1998). Plaintiff's lawsuit makes clear that his damages relate to the alleged underpayment of his claim by Safeco and his claims against Crawford are all based on Safeco's decision to pay him less than he believed he was owed for his covered property damage.

5.  Under well-established Texas law, Crawford cannot be held liable under TEX. INS. CODE §541.060(a)(1) as all claims of misrepresentation against him are post-loss statements dealing with damage facts giving rise to the claim.[2] In *Messersmith*, the plaintiff likewise asserted claims of misrepresentation under the Insurance Code against the adjuster, for allegedly misrepresenting that "there was no damage to [the claimant's] roof when in fact there was damage." *Messersmith*, 10 F.Supp.3d at 724. However, this Court astutely pointed out in *Messersmith* that such a statement from the adjuster does not relate to a coverage at issue. *Id*. This Court held that the misrepresentation must be about the details of the policy, not the facts giving rise to a claim for coverage. *Id*. *Messersmith* is essentially identical to the case before the Court today. Plaintiff argues that "[d]espite obvious visible wind damage and multiple

---

[2] As the Texas Supreme Court and Fifth Circuit have noted, denials, payment disputes and post-loss statements regarding coverage for a claim are not misrepresentations under the Texas Insurance Code. *See Texas Mutual Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445-46 (Tex. 2012); *Effinger v. Cambridge Integrated Servs. Group*, 478 Fed App'x 804, 807 (5th Cir. 2011) (misrepresentation of the policy under Texas Insurance Code Section 541.061 contemplates "situations where a carrier represents 'specific circumstances' which will be covered and subsequently denies coverage") (*citing United States Fire Ins. Co. v. Confederate Air Force,* 16 F.3d 88, 91 (5th Cir.1994); *Parkins v. Texas Farmers Ins. Co.,* 645 S.W.2d 775, 776–77 (Tex. 1983).

indentations on the roof caused by hail, Crawford . . . verbally misrepresented to the Plaintiff at the time of the inspection that the damage to his property was minor." *See* Plaintiff's Original Petition ¶ 14. None of Crawford's alleged statements pertain to the coverage of the policy. All of Plaintiff's allegations fall under post-loss statements, denials, or payment disputes that cannot be the basis for a misrepresentation claim against Crawford. *See also One Way Invs. Inc. v. Century Sur. Co.*, 2014 WL 6991297 at *4 (N.D. Tex. Dec. 11, 2014).

      6.     Plaintiff in this case further claims that Crawford failed to attempt in good faith to effectuate a fair and equitable settlement. However, Crawford cannot be held liable under TEX. INS. CODE § 541.060(a)(2) simply for his role in assessing the damage facts giving rise to Plaintiff's coverage claim. *See Messersmith*, 10 F.Supp.3d at 724. The adjuster must have committed some act that is prohibited by the [Insurance Code] section and ***not*** just be connected to an insurance company's denial of coverage. [emphasis added] *Id.*; *see also Aguilar v. State Farm Lloyds*, 2015 WL 5714654 at *3 (N.D. Tex. September 28, 2015); *One Way*, 2014 WL 6991297 at *4. Again, Plaintiff provided no evidence in support of his boiler-plate claim – he simply asserted that Safeco and Crawford were aware of their liability under the Policy but refused to make an attempt to settle. *See* Plaintiff's Original Petition ¶ 18. Such a baseless allegation is simply insufficient to impose liability against Crawford under TEX. INS. CODE § 541.060(a)(2).

      7.     In addition, Plaintiff cannot recover against Crawford under §541.060(3) for failing to "promptly provide Plaintiff with a reasonable explanation . . . for the insurer's denial of the claim or offer of compromise settlement of a claim" for the same reason that this Court and the Texas Supreme Court already expounded on in previous cases: Crawford's sole role as the adjuster is to assess the damage. Plaintiff's alleged damage or harm is Safeco's failure to pay

what Plaintiff believes it is owed under the policy. An independent adjuster does not have a contractual relationship with the insurance carrier's insureds and does not have individual liability for payments made or due under the policy. *See Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994); *see also Crocker v. American Nat. Gen. Ins. Co.*, 211 S.W.3d 928, 937 (Tex. App.–Dallas 2007, no pet.) ("An independent adjusting firm hired exclusively by an insurance carrier has no relationship with, and therefore no duty to, an insured . . . 'regardless of whether [the insured] phrased his allegations as negligence, bad faith, breach of contract, tortious interference, or DTPA claims.'"). Crawford does not have settlement authority on behalf of Safeco or a duty to provide a reasonable explanation for its offer of settlement. *See Messermith*, 10 F.Supp.3d at 724.

8.  Plaintiff also cannot recover against Crawford under §541.060(a)(7), which prohibits "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." The duty to conduct a reasonable investigation is part and parcel of the "special relationship" between the insured and insurer that imposes the duty of good faith and fair dealing on the insurance carrier to pay when liability is reasonably clear. *See Viles v. Sec. Nat. Ins. Co.*, 788 S.W.2d 566, 568 (Tex. 1990). As this Court previously determined, only the insurance company, not the adjusters, can be held liable under this section. *Messermith*, 10 F.Supp.3d at 725; *see also See One Way*, 2014 WL 6991297 at *4. Because there is no special relationship, it also follows that the adjuster cannot be in breach of the common law duty of good faith and fair dealing as Plaintiff alleges, because that duty is owed by the carrier to the insured. *See Natividad*, 875 S.W.2d at 695.

9.  Finally, Crawford cannot be held liable under the Deceptive Trade Practices Act as Plaintiff's claims are all derivative of his alleged Insurance Code violations and it is clear that

Plaintiff has no basis to recover against Crawford under the Insurance Code. *See Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047 at *6 (N.D. Tex. August 31, 2015).

10.     Plaintiff's Original Petition does not provide any actionable claims against Crawford. Because Plaintiff cannot recover against Crawford on any pleaded cause of action or theory of liability, the claims against him should be dismissed.

### III.
### Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendant Timothy Dow Crawford requests that this Court dismiss Plaintiff's causes of action against him for failure to state a claim upon which relief can be granted, that the Court award him costs of court, and for such other further relief to which he may show himself justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas  78701
Telephone:     (512) 472-7700
Facsimile:     (512) 472-0205


By:  */s/ Catherine L. Hanna*
         Catherine L. Hanna
         State Bar No. 08918280
         Email:  channa@hannaplaut.com
         Sheila S. Tan
         State Bar No. 24078047
         Email:  stan@hannaplaut.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

       I hereby certify that on February 2, 2016, a true and correct copy of this document was filed via the Court's ECF system pursuant to LR5.1. The notice of electronic filing generated by the ECT system constitutes service of the document on counsel who are registered users of the system. Any other counsel of record will be served pursuant to FRCP 5(b) on this same date.

Bryant Fitts
Carla Delpit
Fitts Law Firm, PLLC
2700 Post Oak Boulevard, Suite 1120
Houston, Texas  77056
*Attorneys for Plaintiff*

                                                          */s/ Catherine L. Hanna*
                                                          Catherine L. Hanna