IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALENTIN HERNANDEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-cv-04016-P |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA and TIMOTHY | § | |
| DOW CRAWFORD | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Valentin Hernandez, files this Motion to Remand under 28 U.S.C. §1447(c) and respectfully shows this Court the following:

### I. Summary

Plaintiff requests that this Court send this case back to state court. Defendant Safeco Insurance Company of Indiana ("Safeco") filed a Notice of Removal that fails because the Defendants did not and cannot establish diversity of citizenship amongst the parties. There is no dispute that Defendant Timothy Dow Crawford ("Crawford") is a citizen of Texas. Plaintiff properly sued Crawford, the non-diverse Defendant who acted on his own behalf and on behalf of Safeco throughout the claims process. Plaintiff made specific allegations that Crawford violated the Texas Insurance Code and the Deceptive Trade Practices Act and is thus liable to Plaintiff. Contrary to Safeco's argument, Plaintiff alleges specific legal and factual bases for claims against Crawford, including misrepresentations regarding the breadth and existence of coverage. These allegations are not mere recitation of the Insurance Code or generic claims. Rather, these claims

against Crawford are distinct from Plaintiff's claims against Safeco. Once proved, these allegations will entitle Plaintiff to judgment against Crawford. Since Plaintiff has asserted valid claims under the Texas Insurance Code against Crawford, the non-diverse Defendant, Defendant Safeco's Notice of Removal fails and remand is required because this Court lacks subject matter jurisdiction.

## II. FACTUAL BACKGROUND

1. Plaintiff, a Texas resident, is a named insured under a property insurance policy (the "Policy") issued by Safeco. Defendants are Safeco Insurance Company of Indiana, headquartered in Massachusetts, doing business in Texas and claims adjuster Timothy Dow Crawford, a Texas resident.

2. A storm struck the Kaufman County, Texas area on or about May 8, 2014 and caused covered damages to the Plaintiff's home.[1]

3. Plaintiff notified Safeco and submitted a claim against the policy for all covered damages to the property: roof damage, structural damage, water damage, and wind damage sustained as a result of the storm.[2]

4. Safeco assigned Defendant Crawford, as adjuster, to inspect, investigate, adjust the claim, and communicate with the Plaintiff regarding policy coverage.[3]

5. Crawford provided a written estimate of Plaintiff's damages to Plaintiff on May 13, 2014 and claimed that he found no evidence of storm damage to the roof.[4] In fact, Crawford stated that the damage was not even the result of a storm.[5]

---

[1] *See* Exhibit A, Plaintiff's Original Petition ¶ 8.
[2] *Id*. at ¶ 9.
[3] *Id*. at ¶ 13.
[4] *See* Exhibit B, Coverage Denial Letter from Defendant Crawford.
[5] *Id*.

6. Based on Crawford's results-oriented inspection and unreasonable investigation and Crawford's unreasonable denial recommendation, Safeco failed to compensate Plaintiff for covered damages.[6] Consequently, Plaintiff filed suit on November 12, 2015 against Defendants in the County Court at Law No. 2 of Kaufman County, Texas.

7. Defendants were timely named as Defendants in this lawsuit.[7] Defendant Crawford was served with citation, Plaintiff's Original Petition, and Initial Written Discovery Requests on December 28, 2015.[8]

8. Plaintiff's Original Petition asserts particular allegations against Defendants that sufficiently state viable causes of action under Texas law.[9] Specifically, Plaintiff has sued Defendant Crawford for violating Chapter 541 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA").[10] Plaintiff claims that Defendant Crawford violated § 541.051 of the Texas Insurance Code by making statements that misrepresented the terms and/or benefits of the policy.[11] Crawford also violated § 541.060 by misrepresenting to Plaintiff material facts or policy provisions relating to coverage at issue, failing to conduct a reasonable investigation and failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability had become reasonably clear.[12]

### III. ARGUMENTS & AUTHORITIES

**A.  Subject Matter Jurisdiction**

9. This Court lacks subject matter jurisdiction over this case because the parties to this suit are not diverse. Crawford is domiciled in Texas and Plaintiff has valid causes of actions against

---

[6] *See* Exhibit A ¶ 14-16.
[7] *See* Exhibit B, Plaintiff's Original Petition.
[8] *See* Exhibit C, Citation Served on Defendant Crawford.
[9] *See* Exhibit A ¶ 16-25.
[10] *Id* at ¶ 36-41, 44.
[11] *Id*.
[12] *Id*.

Crawford under Chapter 541 of the Texas Insurance Code and Deceptive Trade Practices Act ("DTPA").  The purpose of joining Defendant Crawford to this action is not to defeat diversity, but rather to seek relief for Plaintiff.  Thus, this Court lacks subject matter jurisdiction.

### B.      Standards Governing Removal

10.     In removal cases, the removing party – here, Safeco – bears the significant burden of establishing the existence of federal jurisdiction.[13]  The Fifth Circuit has stressed that "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one."[14]  To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts or that there is no reasonable possibility that the Plaintiff will be able to establish a cause of action against that party in state court. [15] The second prong focuses on whether Plaintiff has asserted a valid state-law cause of action against the non-diverse defendant.[16]  The test for the second prong is whether "there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against an in-state defendant."[17]  Thus, Plaintiff need only show that there is a possibility of proving at least one cause of action against a non-diverse Defendant.

11.     The removal statute is "subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important

---

[13] *See Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Sterns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).
[14] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).
[15] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004) (en banc).
[16] *Id.*
[17] *Id.*

federalism concerns."[18] Thus, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.[19]

12.     In determining whether there is a reasonable basis to predict the Plaintiff might recover against a defendant under state law, a court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[20]  "If the Plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder."[21]  The Court has discretion to pierce the pleading if it finds that the Plaintiff's Petition misstates or omits determinative facts regarding whether the Plaintiff has a factual basis for its claims against the non-diverse Defendants.[22]

13.     In determining the propriety of removal, "the court must evaluate all of the factual allegations in the Plaintiff's state court pleadings in the light most favorable to the Plaintiff, resolving all contested issues of substantive fact in favor of the Plaintiff and resolving all ambiguities in the controlling state law in the Plaintiff's favor.[23]

**C.     Non-Diverse Defendant Timothy Dow Crawford Is A Properly Joined Party**

14.     Defendant Safeco alleges that Plaintiff has not pled any factual allegations that could form the basis of an independent cause of action against Crawford as opposed to against Safeco.[24] First, Defendant Crawford is explicitly made subject to liability under the Texas Insurance Code. A cause of action under the Insurance Code may be asserted against a "person"

---

[18] *Bear Sterns*, 128 F.3d at 922.
[19] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941).
[20] *Smallwood*, 385 F.3d at 573.
[21] *Id*.
[22] *Id*.
[23] *Id*.
[24] *See* Exhibit D, Defendant's Notice of Removal.

who engages in an act or practice prohibited by the Code.[25] The Code defines the term "person" as follows:

> "Person" means an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, **adjuster**, or life and health insurance counselor. TEX. INS. CODE §541.002(2)(emphasis added).

By its clear and express terms the Code allows claims against adjusters for violations of its provisions. Defendant Crawford is a person under the Insurance Code and as such is subject to liability under the Insurance Code. Further, when an act violating Chapter 541 constitutes a producing cause of economic damages to Plaintiff, that act is also a violation of the DTPA.[26]

15. Second, Defendant Safeco alleges that Plaintiff has not presented any actual false, misleading, or deceptive acts by Crawford. This is a plainly untrue representation of the facts. Plaintiff has specifically pled that Defendant Crawford violated Chapter 541 of the Texas Insurance Code and, thus, violated the DTPA.[27] Specifically, Plaintiff's Original Petition states that Defendant Crawford misrepresented to the Plaintiff, verbally and in writing, that his property has sustained damage due to a cause that the Policy did not cover.[28] Moreover, Defendant Crawford verbally misrepresented to the Plaintiff at the time of the inspection that there was no damage to the roof from wind or hail.[29]

17. The Petition states that Crawford acted as the adjuster on the claim, inspected Plaintiff's property, spent an inadequate time on the investigation, deliberately performed a results-oriented investigation and prepared a report that misrepresented the scope of the damage caused

---

[25] TEX. INS. CODE § 541.151.
[26] TEX. BUS. & COM. CODE § 17.50.
[27] *See* Exhibit A ¶ 36-41.
[28] *Id.* at ¶ 14, 36-41; *see also* Exhibit B.
[29] *See* Exhibit B.

by the storm.[30] Crawford acted on behalf of Safeco throughout the investigation of the claim.[31] Accordingly, Plaintiff specifically alleged that Crawford, the non-diverse defendant, misrepresented the terms of the policy as well as material facts relating to the coverage at issue (the cause of the damage and the extent of the damage).[32]

18. In conducting its Rule 12(b)(6)-type analysis into the sufficiency of Plaintiff's pleading, the Court must judge the pleading by the more lenient "fair notice" pleading standard, rather the stricter pleading requirements of the federal courts.[33] As Texas Courts have held:

> "fair notice" pleading standard ... looks to "whether the opposing party can ascertain from the pleading[s] the nature and basic issues of the controversy and what testimony will be relevant." *SFTF Holdings, LLC v. Bank of Am.,* No. 3:10-CV-0509-G, 2011 WL 1103023, at *1 (N.D. Tex. Mar. 22, 2011) (quoting *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 896 (Tex. 2000)). A pleading may contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. Tex.R.Civ.P. 45(b). Furthermore, an original petition should be construed liberally in favor of the pleader, and the court "should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex. 1993); *see also Landor v. MetLife Lloyds,* No. 3:12-CV-4268-M, 2013 WL 1746003, at *2 (N.D. Tex. April 23, 2013).[34]

19. Texas courts has also recognized that numerous cases have held that far less specific allegations than those present here are sufficient to give fair notice of the claim and to state a viable cause of action.[35]

---

[30] *Id.* at ¶ 15-24.
[31] *Id.*
[32] *Id.*
[33] *Michels v. Safeco Ins. Co. of Indiana,* 2013 WL 5935067 *4 (5th Cir. Nov. 6, 2013).
[34] *Esteban v. State Farm Lloyds*, No. 3: 13-CV-3501-B (N.D. Tex. May 22, 2014).
[35] *Id.* citing *Western States Asset Mgmt., Inc. v. AIX Specialty Ins. Co.,* 2013 WL 3349514, at *5-*6 (N.D. Tex. July 3, 2013)(holding that there was a reasonable basis for finding that plaintiffs would recover under the Texas Insurance Code when they pled that independent adjusters were "hired to help adjust the claim, ""failed to fully quantify damage suffered by Plaintiff, " "intentionally solicited lower repair estimates from competing contractors, " and "improperly withheld significant amounts of the claim payment because of payments made by another insurance company"); *Campos v. m. Bankers Ins. Co.,* 2010 WL 2640139, at *5 (S.D. Tex. June 30, 2010) (holding that allegations that the

20. At a minimum, Plaintiff has alleged that the non-diverse Defendant Crawford misrepresented specific terms of the policy regarding the breadth and existence of coverage for specific items of damage. That alone is sufficient to sustain a cause of action against Defendant Crawford and destroy diversity in this case.

### IV. CONCLUSION

21. Safeco has not met its heavy burden of proving Plaintiff has no possibility of recovering against Crawford. Therefore, Defendant's contention that Crawford was improperly added as a defendant for the sole purpose of destroying federal jurisdiction is without merit.

22. Plaintiff's Original Petition alleges sufficient facts to state a claim under Chapter 541 and the DTPA against the non-diverse Defendant, and the evidence attached to this motion to remand establishes a probable right to recover under the causes of action asserted against him.[36]

23. The facts alleged in Plaintiff's Original Petition are not merely pretexts to defeat diversity jurisdiction. In fact, all of Plaintiff's factual allegations against Defendant Crawford are supported by evidence. The necessary "factual fit" between Plaintiff's allegations and the causes of action pled against Defendant Crawford exists and establishes a reasonable basis for predicting that state law may impose liability on the facts involved.

---

defendant adjuster mishandled a claim by "misrepresenting the policy coverage, failing to attempt a fair settlement, failing to act within a reasonable time to affirm or deny coverage or to reserve rights, failing to conduct a reasonable investigation, and failing to explain [defendant insurer's] reasons for denying payment" were sufficient to state a claim under the Texas Insurance Code); *Harris v. Allstate Tex. Lloyd's,* No. H-10-0753, 2010 WL 1790744, at *3-*4 (S.D. Tex. Apr. 30, 2010) (holding that allegations that an adjuster had "misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, " "failed to make an attempt to settle Plaintiff's claim in a fair manner, " and "failed to explain to Plaintiff the reasons for their offer of an inadequate settlement" were sufficient to make out claims under the Texas Insurance Code).

[36] The Court may pierce the pleadings and consider summary judgment evidence to determine whether a valid claim has been asserted. See *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 285-86 (5th Cir. 2001); and *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993).

24. The Court should remand this case to the County Court at Law No.2 of Kaufman County, Texas. Federal jurisdiction under 28 U.S.C. § 1332 requires the removing party to state facts showing a complete diversity of citizenship. The removing part, Defendant Safeco, failed to establish complete diversity and failed to prove non-diverse Defendant Crawford was improperly joined to destroy diversity of citizenship. Therefore, this Court lacks subject matter jurisdiction and remand is required.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Honorable Court to grant Plaintiff's Motion to Remand, remand this cause to state court, and grant any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

        Respectfully,

        */S/ Carla R. Delpit*
        Bryant Fitts
        Texas State Bar No. 24040904
        bfitts@fittslawfirm.com
        Carla R. Delpit
        Texas State Bar No. 24082183
        cdelpit@fittslawfirm.com
        FITTS LAW FIRM LLP
        2700 Post Oak Blvd., Suite 1120
        Houston, Texas 77056
        Telephone 713.871.1670
        Facsimile 713.583.1492

        **ATTORNEYS FOR PLAINTIFF**


---

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to the provisions of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing document has been forwarded to all counsel of record on this 16th day of February 2016 as follows:

Catherine L. Hanna **– *Via Email:* channa@hannaplaut.com**
Sheila S. Tan – ***Via Email:*** stan@hannaplaut.com
HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas 78701

>    */S/ Carla R. Delpit*
>    CARLA R. DELPIT