IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALENTIN HERNANDEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-cv-04016-P |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA and TIMOTHY | § | |
| DOW CRAWFORD | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to the Texas Rules of Civil Procedure, Plaintiff, Valentin Hernandez, files this First Amended Complaint, complaining of the acts and omissions of Defendants, Safeco Insurance Company of Indiana, and Timothy Dow Crawford and, in support, respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.   This case is intended to be governed by Discovery Level 2.

### II.
### PARTIES & SERVICE

2.   Valentin Hernandez ("Plaintiff") resides in Kaufman County, Texas.

3.   Defendant Safeco Insurance Company of Indiana ("Safeco") is, according to the Texas Department of Insurance, a domestic insurance company.  Safeco was served through its Registered Agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701-3218.  Safeco has appeared and answered through counsel, and is before this Honorable Court for all purposes.

4. Defendant, Timothy Dow Crawford ("Crawford"), is an individual who assisted with adjusting the claim at issue and is a resident of the State of Texas. This Defendant was served with process at 1138 Maynard Place, Houston, TX 77064, has appeared and answered through counsel, and it before this Honorable Court for all purposes.

## III.
## JURISDICTION & VENUE

5. Plaintiff contends for reasons set forth in her Motion to Remand pending in this matter that this court does not have subject matter jurisdiction of this cause of action because Timothy Crawford was no improperly joined and no diversity of citizenship exists in this matter.

6. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief between $100,000.00 and $500,000.00.

7. Venue is proper in Kaufman County, Texas because the insured property is situated in Kaufman County, Texas and/or the contract was signed in Kaufman County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002.

## IV.
## FACTS

8. This matter revolves around an insurance coverage dispute regarding the extent of coverage damages and amount of loss suffered to the Plaintiff's property in this matter. In addition to seeking economic damages and penalty-based damages from Safeco. Plaintiff also seeks

compensation from Safeco and Crawford for damages caused by improperly evaluating the extensive losses associated with this case.

9. Plaintiff is a named insured under a property insurance policy (the "Policy") issued by Safeco. The Policy insures, among other things, against losses from wind and hail damage to Plaintiff's property, namely, the real property and improvements located at 6540 Co Road 4097, Kaufman, Texas 75142 (the "Property").

10. On or about May 8, 2014 during the policy period, a storm caused covered damage to the Subject Property.

11. Shortly after the storm, plaintiff noticed damage to her home. She contacted Safeco by telephone to notify Safeco of the damage.

12. Plaintiff submitted a claim to Safeco against the Policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm.

13. Plaintiff asked Safeco to honor its contractual obligations and cover the cost of repairs to Plaintiff's home.

14. Safeco assigned Defendant Crawford to inspect Plaintiff's property, evaluate policy coverage for Plaintiff's damages, and estimate the covered damages to Plaintiffs property under the Claim. On his own behalf and on behalf of Safeco, Crawford conducted a substandard inspection and investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and Crawford spent an inadequate amount of time on the investigation, then denied Plaintiff's damage verbally and in writing. No other Safeco representative communicated with Plaintiff regarding her damages and coverage for those damages.

15. Despite obvious visible wind damage and multiple indentations in the roof caused by the hailstorm, Crawford, on his own behalf and on behalf of Safeco, verbally misrepresented to

the Plaintiff at the time of the inspection that the damages to his property was not covered under the insurance policy.

16.     Crawford then misrepresented the policy coverage and failed to provide a reasonable denial of Plaintiff's claim, again on his own behalf and on behalf of Safeco, when in a letter to Plaintiff dated May 13, 2014 Crawford stated that the Plaintiff's hailstorm damages were not covered under the Accidental Escape of Water or Steam from a plumbing, heating, or air conditioning system or household appliance provision of the Safeco policy.  This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1) and (3).

17.     Together, Defendants Safeco and Crawford set out to deny properly covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.

18.     Defendant Safeco failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy.  All conditions precedent to recovery upon the Policy have been performed by Plaintiff.  Safeco' conduct constitutes a breach of the insurance contract between Safeco and Plaintiff.

19.     Even though Plaintiff's home sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy did not provide coverage for the damage, falsely claiming Plaintiff's home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a

violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21. Based on Crawford's unreasonable investigation, Defendant Safeco refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22. Defendant Safeco failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

23. Defendant Safeco failed to accept Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

24. Defendant Safeco has delayed payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received any payment for her claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

25. Since the time Plaintiff's claim was presented to Defendant Safeco, the liability of Safeco to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, Safeco has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of Safeco' duty of good faith and fair dealing.

26. All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiff.

27. To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of the Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## V.
## CAUSES OF ACTION

**A.     Breach of Contract (Against Safeco)**

28. Defendant Safeco had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. Safeco breached the terms of that contract by wrongfully denying the claim and Plaintiff was damaged thereby.

29. Defendant Safeco is therefore liable to Plaintiff for breach of contract.

**B.     Prompt Payment of Claims Statute (Against Safeco)**

30. The Claim is a claim under an insurance policy with Defendant Safeco, of which Plaintiff gave Safeco proper notice, causing Safeco to be liable for the Claim.

31. Defendant Safeco violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 *et seq.*, by:

   a. Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms Safeco reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055;

    b. Failing to notify Plaintiff in writing of its acceptance or rejecting of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or

    c. Delaying payment of the Claim following Safeco' receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

32. Defendant Safeco is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

**C.**    **Unfair Settlement Practices/Bad Faith (Against All Defendants)**

33. Each of the foregoing paragraphs is incorporated by reference in the following.

34. As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**Defendant Safeco**

35. Defendant Safeco engaged in unfair settlement practices by:

    a. misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue;

    b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Safeco' liability had become reasonably clear;

    c. failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

  d. failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

  e. refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

36. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Safeco and was a producing cause of Plaintiff's damages. Safeco is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**Defendant Crawford**

37. Defendant Crawford was a contractor and/or adjuster assigned by Defendant Safeco to assist with adjusting the Claim. Defendant Crawford was charged with investigating the Claim and communicated with Plaintiff about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, *et seq.*, and are individually liable for violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

38. Defendant Crawford was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

39. Defendant Crawford conducted a substandard, results-oriented inspection of the Subject Property. As such, Crawford failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as required by the Policy and Texas law.

40. Further, Defendant Crawford misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Crawford failed to provide

Plaintiff with a reasonable explanation as to why Safeco was not compensating Plaintiff for the covered losses, or the true value thereof.

41. Thus, Defendant Crawford engaged in unfair settlement practices by:

   a. misrepresenting to Plaintiff a material fact or Policy provision relating to the coverage at issue;

   b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after Safeco' liability had become reasonably clear;

   c. failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Safeco' denial of a claim or offer of a compromise settlement of a claim; and/or

   d. failing to conduct a reasonable investigation of Plaintiff's Claim.

42. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant Crawford and was a producing cause of Plaintiff's damages. Crawford is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff's damages.

**D.   DTPA (Against All Defendants)**

43. Each of the foregoing paragraphs is incorporated by reference here fully.

44. At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

45. Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

   a. Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    b. Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have;

    c. Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed;

    d. Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapter 541 of the Insurance Code;

    e. Generally engaging in unconscionable courses of action while handling the claim; and/or

    f. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

46. As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

47. Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**E.    Breach of Duty of Good Faith and Fair Dealing (Against Safeco)**

48. Defendant Safeco breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Safeco knew or should have known liability was reasonably clear. Safeco's conduct proximately caused Plaintiff's damages.

49. Defendant Safeco is therefore liable to Plaintiff.

**F.**     **Attorneys' Fees**

50.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

51.    Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

52.    Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

53.    Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## IX.
## CONDITIONS PRECEDENT

54.    All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## X.
## JURY TRIAL DEMAND

55.    Plaintiff demands a jury trial of this cause, and has or will tender the appropriate jury fee.

## XI.
## DISCOVERY REQUESTS

56.    Pursuant to Rule 194, all Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

57. All Defendants are also requested to respond to the attached discovery requests within fifty (50) days in accordance to the instructions contained therein.

## XII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

58. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice of Plaintiff's intent to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiff's written discovery requests.

## XIII.
## CONCLUSION & PRAYER

For these reasons, Plaintiff prays that citations be issued and, upon final hearing of the case, Plaintiff recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

/s/ Bryant Fitts

Bryant Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Carla Delpit
Texas State Bar No. 24082183
cdelpit@fittslawfirm.com
FITTS LAW FIRM, PLLC
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Telephone 713.871.1670
Facsimile 713.583.1492

**ATTORNEYS FOR PLAINTIFF**


## **CERTIFICATE OF SERVICE**

    This is to certify that, on the 18th day of February 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) and by the Texas Rules of Civil Procedure:

    ***Via E-Mail:*** channa@hannaplaut.com, stan@hannaplaut.com
    Catherine L. Hanna
    Sheila S. Tan
    Hanna & PLaut, L.L.P.
    211 East Seventh Street, Suite 600
    Austin, Texas 78701
    **ATTORNEYS FOR DEFENDANTS**

    _____
    Carla Delpit