**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VALENTIN HERNANDEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:15-CV-4016-L (BF)** |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | |
| **OF INDIANA** | § | |
| **and** | § | |
| **TIMOTHY DOW CRAWFORD,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion to Remand [D.E. 6]. This motion was referred by the

District Court to the United States Magistrate Judge for recommendation through an order of

reference. Order [D.E. 13]. Based on the parties briefing, the undersigned recommends as follows.

**PROCEDURAL HISTORY**

Defendant Safeco Insurance Company of Indiana ("Safeco") removed this cause of action

from state court on the basis of diversity jurisdiction. Resp. [D.E. 11 at 1]. Plaintiff Valentin

Hernandez ("Hernandez") filed the present motion, arguing that diversity jurisdiction does not exist

because Hernandez has brought several causes of action against Defendant Timothy Dow Crawford

("Crawford"), an in-state defendant. Mot. [D.E. 6 at 1]. Safeco responds that Crawford is improperly

joined and should not be considered in the Court's jurisdiction analysis. Resp. [D.E. 11 at 1-2].

Hernandez did not file a reply regarding this motion, and the time for filing a reply has long since

passed. *See* Local Civil Rule 7.1(f). Therefore, the motion is ripe for determination.

**LEGAL STANDARD**
**Diversity Jurisdiction**

Generally, a defendant may remove a civil action from state court to federal court if the action could have been filed originally in federal court. 28 U.S.C. § 1441(a). An action can be filed originally in federal court if subject-matter jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1332. Subject-matter jurisdiction can exist if the action is based on a federal law question or where diversity of citizenship exists between the parties to the action. *Id.* Diversity of citizenship requires a plaintiff to establish that the matter in controversy exceeds $75,000 and the controversy is between a plaintiff and defendant of different states. 28 U.S.C. § 1332(a)-(b).

**Improper Joinder**

"The starting point for analyzing claims of improper joinder must be the statutes authorizing removal to federal court of cases filed in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* at 573. There are two recognized ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

The test for the second type of improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 572. Predicting

2

whether the plaintiff might be able to recover can be done using a Federal Rule of Civil Procedure 12(b)(6)-type analysis or the court may "pierce the pleadings and conduct a summary inquiry." *Id.* In the Rule 12(b)(6)-type analysis, the court looks "initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* "The removal statute is . . . to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

### Rule 12(b)(6)

To survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

### ANALYSIS

In the case at hand, Hernandez brings two causes of action against Crawford. Am. Compl. [D.E. 7 at 7-9]. These causes of action include engaging in unfair settlement practices and violations of the Texas Deceptive Trace Practices Act ("DTPA"). *Id.* [D.E. 7 at 7-9]. Safeco argues that

Hernandez fails to state a claim against Crawford, and joining Crawford to the action is an improper attempt to destroy diversity jurisdiction. Resp. [D.E. 11 at 2].

### Unfair Settlement Practices

Hernandez alleges that Crawford was a contractor or adjuster assigned to assist with Hernandez's insurance claim and was assigned by Safeco. Am. Compl. [D.E. 7 at 8]. Crawford allegedly engaged in unfair settlement practices by misrepresenting material facts, failing to promptly and fairly settle Hernandez's claim, failing to provide a reasonable explanation of the basis for Safeco's denial of the claim or offer to compromise, and failing to conduct a reasonable investigation. *Id.* [D.E. 7 at 9]. Hernandez claims these are all violations of the Texas Insurance Code. *Id.* [D.E. 7 at 7].

The Texas Insurance Code prohibits numerous acts including the misrepresentation of material facts or policy provisions, failing to settle a claim in good faith, failing to provide the policyholder with a reasonable explanation of a denial of a claim, and failing to conduct a reasonable investigation of the claim. Tex. Ins. Code § 541.060(a). Texas law permits adjusters to be held individually liable for violations of the insurance code, "[b]ut for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage." *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.). The court in *Messersmith* went on to conclude that claims such as the ones brought by Hernandez are not the type of claim for which Crawford could be held liable. *See id.* at 724-25. Therefore, Safeco has demonstrated that there is no possibility of recovery by Hernandez against Crawford. *See Smallwood*, 385 F.3d at 572. Because there is no possibility of recovery against Crawford, he has been improperly joined in this cause of action. *Id.*

4

### Texas Deceptive Trade Practices Act

Hernandez also alleges that Crawford violated the Texas Deceptive Trade Practices Act ("DTPA") by making representations regarding Hernandez's insurance policy, failing to disclose information about the policy, accepting insurance premiums, and engaging in unconscionable courses of action. Am. Compl. [D.E. 7 at 9-10]. All of these claims relate to the sale and provision of an insurance policy. *See Messersmith*, 10 F.Supp. 3d at 724. As an insurance adjuster, Crawford would not be involved in these activities. *See id.* Because Crawford would not be involved in these activities, there is no possibility of recovery by Hernandez against him under the DTPA. *See Smallwood*, 385 F.3d at 572. As there is no possibility of recovery against Crawford, he has been improperly joined in this cause of action as well. *Id.*

### RECOMMENDATION

Based on the above-stated findings and conclusions, the undersigned recommends that the District Court **DENY** Plaintiff's Motion to Remand [D.E. 6] because Timothy Dow Crawford was improperly joined in this action.

**SO RECOMMENDED**, this 27th  day of June,  2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).